24 C.C.P.A.(Patents)

## In re YOUNG.
### Patent Appeals No. 3831.

Court of Customs and Patent Appeals.

June 7, 1937.

Leonard L. Kalish, of Philadelphia, Pa., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner rejecting, for lack of invention in view of the cited prior art, claims 1, 2, and 6 to 10, inclusive, of appellant's application. Certain claims were allowed.

Claim 1 is illustrative of claims 1, 2, and 6, and reads as follows:

"1. A streamer adapted for towing by aircraft comprising a substantially rectangular skeleton framework including vertical and longitudinal members, the vertical members being rigid and the frame work having a center of gravity nearer its lower edge, a loop bridle joining the upper and lower ends of the foremost vertical member, a tow line slidably connected to said loop bridle, and a drag element connected to the rear end of said framework."

Claim 7 is illustrative of the remaining claims and reads as follows:

"7. A streamer adapted for towing by power-driven aircraft, comprising a skeleton frame-work having a relatively very small horizontal dimension transverse to the intended line of movement in comparison to its height and including generally flexible longitudinal members and relatively rigid vertical members with the leading vertical member having its center of gravity nearer the lower edge of the streamer, and having greater resistance against bending than the following vertical members a tow line connected with the leading vertical member and a drag element flexibly connected with the trailing end of the streamer."

The references cited are: Worrell et al., 145,709, December 16, 1873; Rothenberg, 1,611,080, December 14, 1926; Picco,

1,893,149, January 3, 1933; Du Pont, 1,901,-855, March 14, 1933.

Appellant's alleged invention is concisely described by the Examiner as follows:

"The invention relates to a sign towed by an aeroplane. It is in the form of a streamer and consists of horizontal stringers connected by rigid vertical members. The latter carry weights at their lower ends. The foremost vertical member is provided with a V-shaped bridle which is slidably connected with the tow-line. The rearmost vertical member is provided with a similar bridle which is slidably connected with a resistance member."

The patent to Du Pont discloses a sign in the form of a banner towed by an aeroplane, and in a vertical plane. A bridle connects the sign with the tow line, and air resistance means are secured to the rear end of the sign to keep the sign taut. The bridle is not slidably connected to the tow line.

The patent to Picco also discloses a sign in the form of a banner towed by an aeroplane, weights on the under side of the sign, and a bridle; air resistance means are connected at the rear of the banner. The tow line is not slidably connected to the bridle.

The patent to Worrell et al. discloses a device for suspending stationary signs. A cord is shown for that purpose, which provides a sliding movement.

The patent to Rothenberg is for an apparatus for ejecting atomized liquids. The apparatus is suspended in the air, and there is shown a loop or an eye and a slidable sling of steel wire, operating upon the same principle as the slidable connection disclosed by appellant.

It was conceded by the Patent Office tribunals that neither Du Pont nor Picco disclosed or suggested a tow line slidably connected with the loop bridle. Du Pont, by involved mathematical calculation, determined the point at which the tow line should be attached to the bridle.

The Board of Appeals in its decision stated:

"* * * One of the changes relied upon for patentability is the employment of a loop bridle having a tow line slidably connected thereto. None of the streamers discloses the sliding connection and the examiner has referred to the patents to Worrell et al. and Rothenberg for such a connection. Appellant urges that these patents are on such nonrelated structures that they would not suggest this form of connection with a streamer.

"We are of the opinion that, wherever it is desirable to connect a tow line to different points, it is merely a matter of choice as to whether that line shall pass through a sliding loop in order to equalize the pull on the two points or whether it is better to provide a connection which does not permit the equalization. There are advantages and disadvantages with both types. We do not believe it required the exercise of invention to experiment with the sliding connection and adopt it if it was found more suitable with streamers."

It is our opinion that neither the patent to Worrell et al. nor the patent to Rothenberg is available as a reference. Each belongs to a clearly nonanalogous art, and neither would suggest the use in an aeroplane streamer of "a tow line slidably connected to said loop bridle."

The Board, however, did not seem to greatly rely upon these references, but held that it did not require the exercise of the inventive faculty to employ the slidable connection disclosed by appellant. We do not agree with this conclusion. It seems to us that Du Pont, presumably skilled in the art, would not have employed. involved mathematical calculations to determine the point at which the tow line should be attached to the bridle if a slidable connection was obvious to one skilled in the art. In our opinion the application of a slidable connection to a streamer towed by an aeroplane did require more than mechanical skill, and claims 1, 2, and 6 should be allowed.

The remaining claims, Nos. 7, 8, 9, and 10, do not contain the element of a tow line slidably connected to the bridle, but appellant relies, for patentability, upon the use of a front vertical member having greater resistance against bending than the other vertical members. Under this arrangement the bridle may be connected at the upper and lower portions of the streamer, and the middle portion may be anchored to the stiff front vertical member and be drawn thereby, making it unnecessary to provide stiff vertical members throughout the length of the streamer.

Both the Board and the Examiner were of the opinion that it would involve mere-

ly mechanical skill to make the leading spacer bar heavier than the others, thus relieving the strain upon the other vertical members, enabling them to be made of lighter construction. We are in accord with this conclusion. See In re Pomeroy, 64 F.(2d) 681, 20 C.C.P.A. (Patents) 1026.

For the reasons stated herein, the decision of the Board of Appeals is reversed with respect to claims 1, 2, and 6, and affirmed as to claims 7, 8, 9, and 10.